## BOTSFORD *vs.* McLEAN & McPHERSON.

It is an invariable rule of courts of equity, that in an action to reform a written agreement, on account of an alleged mistake of facts, relief will not be granted except upon the clearest and most satisfactory proof of the mistake, and of the real agreement between the parties.

In an action brought for the purpose of reforming two promissory notes, executed by the defendants to the plaintiff, so as to make them conform to a prior oral agreement, by bearing interest from their date, the referee, without finding either that it was agreed orally by the parties that the notes should bear interest, or that they were by mistake executed, delivered and accepted without the words necessary to carry interest, found that a parol agreement had been made between the parties, prior to the date of the notes, for the sale of certain personal property, as mentioned in two certain papers annexed to his report, of even date with the notes, which (the referee found) stated truly and correctly the agreement between the parties. The first of these papers was a bill of sale of personal property by the plaintiff to the defendants, for $6000, and the second was a chattel mortgage on the same property, executed by the defendants to the plaintiff, conditioned for the payment of four several promissory notes, of the same date, for $1000 each, in one, two, three and four years, respectively; the last two of which were the notes sought to be reformed. And the referee found that the last two notes did not conform to the agreement between the parties, in that they did not contain a provision for drawing interest from date, and that they should be reformed as prayed for.

*Held* that the bill of sale and the chattel mortgage, together with the first two notes, regarded merely as evidence of the terms of the prior parol agreement, and unaided by any oral evidence, did not furnish any satisfactory proof that the last two notes were, by the terms of the parol agree-

Botsford *v.* McLean.

ment, to bear interest; much less that clear and strong proof which was requisite.

*Held, also,* that the chattel mortgage, being merely collateral to the notes, could not properly be considered as *evidence* of an agreement to pay interest on the notes, except *according to their terms.*

*Held, further,* that in the absence of any evidence or finding of *fraud* on the part of the defendants, or of a mutual *mistake,* no case was made for reforming the written contract.

And that the plaintiff, having failed to show any agreement that the last two notes should bear interest, he was not entitled to a decree for a specific performance.

APPEAL from a judgment entered upon the report of a referee.   The action was brought for the purpose of making the writings between the parties conform to their prior oral contract.   The complaint alleged that on the 5th day of June, 1862, the plaintiff and defendants entered into an oral agreement, whereby the plaintiff, for the consideration of $6000, sold to the defendants, at the city of Rochester, all the furniture and personal property then owned by the plaintiff, and in a building or public house in that city, known as the Waverly Hotel, and delivered possession thereof; and that the defendants agreed to pay the said sum of $6000 for said property, as follows, viz: $2000 in cash, and the balance in four equal annual payments, with interest on each payment from the date of said sale; for which they were to execute their four several promissory notes, payable to the order of the plaintiff, for $1000 each, with interest on each, and payable respectively in one, two, three and four years, from the time of the sale, and to secure the payment thereof by a chattel mortgage upon said furniture, to be executed by the defendants.   The complaint further alleged, that in part-compliance with the terms of said contract, the defendants paid the plaintiff $2000 in cash, and executed and delivered to him their four several promissory notes, dated June 5, 1862, for $1000 each, and payable respectively in one, two, three and four years from date, to the order of the plaintiff.   But that fraud, or mistake, was

made, in not inserting the words "with interest" in the two notes last to become due; so that neither of those notes, by their terms, would bear interest until after maturity ; and that in that respect those notes were contrary to the contract. That the four notes were upon a single sheet of paper, partly written and partly printed, the words "with interest" being printed in the first two and not in the last two. That the chattel mortgage was executed and delivered ; and that when the plaintiff received the same, and the $2000, he also received and examined all the notes, but the latter only "cursorily," and supposed they all drew interest; but the defendants knew they did not; and that in this respect they were contrary to the oral contract. That the plaintiff did not discover the mistake until after the notes had been delivered to him, and he had delivered the furniture, &c. to the defendants, and received the $2000 and the chattel mortgage. That shortly afterwards the plaintiff applied to the defendants and demanded that they should make the said promissory notes, not bearing interest, conform to the contract, by making them payable with interest; which they refused to do. The relief demanded was, that the notes not bearing interest be reformed and corrected, by making them conform to the oral contract, and bear interest ; and that the chattel mortgage might be adjudged to stand as security for the said notes when so reformed.

The answer denied that there was any fraud, mistake, or omission on the part of the defendants, in the execution and delivery of the notes ; and they denied that the contract of sale was only partially fulfilled ; or that they did, or intended to, deceive or defraud the plaintiff, as charged in the complaint. And they averred that they did not make, or intend to make, any other or different contract than was embraced and expressed in the papers executed and delivered by the parties ; and that they made and delivered the said promissory notes, and the plaintiff received, examined and accepted them as and for a full and entire execution of that portion

of the contract, and that there was no interest mentioned or stipulated for by the plaintiff.

The referee found and reported, that prior to June 5, 1862, the parties made a parol agreement for the sale of certain personal property, as mentioned in the paper marked "A," annexed to his report; and employed an attorney to draw up the necessary papers to consummate the sale; that he accordingly drew the paper marked "A," (which was a bill of sale of the property,) and a chattel mortgage, also annexed, marked "B." That said papers truly and correctly state the agreement between the parties; that on that day the parties consummated their said trade, by the execution and delivery of the said papers, "A" and "B;" and the defendants at the same time, and as a part and portion of the same transaction, executed and delivered to the plaintiff, four several promissory notes for $1000 each, dated on that day, and payable respectively in one, two, three and four years from date; the two notes first becoming due bearing interest, and the last two being without interest; that at the time the said notes were so delivered, the defendants knew that the last two did not bear interest; that he examined the first two, and finding that they bore interest, he did not examine the others, but received and accepted them, supposing they were like the others in this respect; that the last two notes did not conform to the agreement between the parties in that they did not contain a provision for drawing interest from date, and the plaintiff did not receive or accept of the same as a performance of that agreement. The referee's conclusions of law were, that the last two notes ought to be reformed and corrected, by the insertion, in each of them, after the word "received," the words "with interest," so as to make them each draw interest from date; and that the defendants so reform the same on demand.

Judgment being entered in accordance with this report, the defendants appealed.

*J. L. Requa* and *W. F. Cogswell,* for the appellants. I. No relief can be granted from a contract not alleged in the complaint, though it may be ·apparent from other parts of the pleadings and evidence; and the referee erred in assuming to grant such relief. (*Kelsey* v. *Western,* 2 *N. Y. Rep.* 506, 507, *and cases there cited.*) The court pronounces its decree *secundum allegata et probata.* The reason of which is that the adverse party may be apprised as to what form of contract or action he is to prepare his defense against. The rule is equally applicable to a defendant. No matter of defense is available which is not stated in his answer, even though it should appear in his evidence. (*Id.*) The absence of the allegation is not a case of variance which the code was designed to aid, but is a total want of any allegation in the complaint, of the subject matter. And such want is not cured by the code, so as to allow the decree to be founded upon the proof without the allegation. (2 *N. Y. Rep.* 505. *Salters* v. *Genin,* 7 *Abb. Pr. Rep.* 198.) It suffices in this case to say that no such application has been made.

II. Upon the contract being correctly and truly reduced to writing, equity will not interpose to correct, extend or vary its provisions. It is only in an action upon it that the rights of the parties will be adjudged, and it would be an anomoly to file a bill to correct a written contract by the terms of the written contract itself. (*Stoddard* v. *Hart,* 23 *N. Y. Rep.* 559.) It no longer falls within the class of exceptional cases where equity will reform for accident or mistake; but within the common law rule and class of written contracts that can not be varied or altered by parol proof. (2 *White & Tudor's Lead. Cas. in Eq.* 577.)

III. The written contract consisted of *all* of the notes, the bill of sale, and chattel mortgage, and not a part thereof. (2 *Denio,* 130.) Several papers executed between the same parties, of the same date and subject matter, should be construed together, as forming parts of a single contract; and

whether they did or did not, in this case, entitle the plaintiff to interest on his whole debt, or part of it, is not the question. If they did entitle the party to interest, it was time enough to determine it in an action founded upon them, when default was made, the notes not yet being due. If they did not, the defendants were entitled to the benefit of it, by answer to an action properly brought for that purpose, when such issue was presented for trial, and adjudication had. (1 *Hill* 601. 15 *John.* 458. 1 *John. Cas.* 91. 3 *Wend.* 233.)

IV. The judgment was erroneous upon the law applicable to the facts found by the referee. 1. There is no pretense of fraud; and in the absence of fraud, a written contract can only be reformed when there is a plain mistake, by the accidental omission or insertion of a material stipulation, contrary to the intention of both patties, and under a mutual mistake. (22 *Barb.* 158. 1 *Story's Eq. Jur.* §§ 152, 155, 156, 157. 29 *Barb.* 597. 31 *id.* 72. *Lyman* v. *The United Ins. Co.,* 17 *John.* 377.) It is both alleged in the complaint and found by the referee, that the defendants knew what the contract was, and the plaintiff did not. 2. Equity relieves the vigilant only. When the means of information are in the hands of a party, knowledge is implied. (1 *Story's Eq. Jur.* § 146, *and note.* 4 *Barb.* 95. 3 *Sandf.* 437. 26 *Wend.* 169. 29 *Barb.* 598.) It is alleged in the complaint, and not denied by the answer, that the plaintiff examined all the notes before he accepted them. The finding of the referee, that the plaintiff did not examine the two notes not bearing interest, is contrary to the admission of the parties on the pleadings. 3. A contract "reduced to writing and consummated" will not be reformed, unless fraud be established. (3 *Seld.* 210. 22 *Barb.* 154. 3 *Sandf.* 437.) The foregoing rules of law are made generally applicable to all suits brought to make the written contract conform to the oral one, without any exception; and for such purpose, only, was this action brought. And when the issues were tried and determined in favor of the defendants, the duty of the

court was done, and the defendants were entitled to a report in their favor. 4. When the mortgage calls for a greater sum than the notes, or the amounts differ, each should be construed according to its terms; and they are not to be read as one instrument. (*Stoddard* v. *Hart,* 23 *N. Y. Rep.* 595.)

V. The only issue tried and determined entitled the defendants to a judgment of dismissal of the complaint with costs. Parties go to court to try issues made by the pleadings, and courts have no right, *impromptu,* to make new issues for them, to their surprise or prejudice, or to found judgments on grounds not put in issue and distinctly and fairly litigated. (25 *N. Y. Rep.* 270.)

VI. The plaintiff claims that by the original negotiation between the parties, the notes in question were to be given bearing interest, and that by fraud or mistake two of them were drawn payable without interest. The evidence is clearly against the plaintiff upon both points. There was neither mistake nor fraud. The mistake of the plaintiff, if he was mistaken, would not avail. (*See cases cited in Kent* v. *Manchester,* 29 *Barb.* 559.) But in addition to this, the defendants both swear that in the original negotiation there was no agreement that interest should be paid. The referee holds that upon the evidence of the oral negotiation the plaintiff must fail; that is, that it is not proven that the notes are not in accordance with the bargain as it was in fact made. But he holds that the notes should be reformed to correspond with the chattel mortgage. This is either to make the papers conformable with each other, or it is because the mortgage furnishes evidence of what the original bargain was, sufficient to overrule the oath of the two witnesses for the defendants. If the papers conflict, what right had the referee to make the notes, which were the principal, conform to the mortgage, which is the collateral, instead of the reverse? If there was to be any reforming, it was the ancillary that should have been made to conform to the principal. The referee's

report can not be sustained on this ground. Nor, on the ground that the' mortgage, as evidence, sustained the plaintiff's allegation, either alone, or in connection with the plaintiff's testimony. The whole inquiry should be, what was the original oral negotiation, and does the written contract express it? When the referee answered that question against the plaintiff, he should have dismissed the complaint. The attempt to collect the different portions of the writing, and make them all speak the same language, is not a subject of equity jurisprudence as heretofore understood. That is matter of construction.

VII. The referee erred in his ruling as to what is admitted by the pleadings.

*Edward Harris,* for the respondent. I. This is an appeal from the facts and law, as found by the referee, in his report. (*Code,* § 272.) The evidence in the case, and the rulings of the referee, and the exceptions thereto, on the trial, are not before the court on this appeal, because the case contains no findings of fact and law, by the referee. (*Conolly* v. *Conolly,* 16 *How. Pr. Rep.* 224. *Otis* v. *Spencer,* 16 *N. Y. Rep.* 610, *and cases cited.*)

II. The facts, as found by the referee, present a clear case for equitable relief. The notes contained *less* than they should. The plaintiff received them in ignorance of that fact. He was misled by the first two notes. The defendants, on the other hand, knew that they were misleading the plaintiff. They knew that the last two notes did not conform to the agreement; and they were guilty of a fraud, in suppressing this knowledge from the plaintiff. The case is one of mistake on the part of the plaintiff, and fraud on the part of the defendants, such as equity will correct. (*Story's Eq. Jur.* § 153. *Muller* v. *Vettel,* 25 *How. Pr. Rep.* 351. *Matthews* v. *Terwilliger,* 3 *Barb. S. C. R.* 50.)

III. It was necessary for the referee to ascertain whether or not the writings A. and B. were drawn in pursuance of

the previous oral agreement, in order further to determine whether the last two promissory notes did or did not conform to that agreemeent.

IV. It was not necessary for the referee to find fraud or mistake on the part of the defendants. It is only necessary that there should be mutual mistake, or mistake by one party and fraud by the other, in cases where a written agreement, not truly expressing the previous oral agreement, is sought to be reformed. In this case the oral agreement was truly expressed in the writings A. and B. The referee has found that only two of the notes conformed to the agreement, and that the others, being drawn payable without interest, did not conform to, or comply with, the agreement; and that the plaintiff has not accepted the notes as a performance, or waived a performance of, the agreement. The plaintiff is entirely remediless at law; for should he sue on the notes, he would only recover the principal without interest, and if he should sue on the covenant contained in the chattel mortgage to pay principal and interest, he would not recover interest, because the mortgage being merely collateral to the notes, the recovery on it could not exceed that upon the notes. Being so remediless, or the remedy, if any, being so imperfect, and the agreement that *all* the notes should bear interest having been clearly proved, it is a proper case for a decree in equity for a specific performance. (*See* 2 *Parsons on Contracts, 4th ed.* 511, 513 *and notes; Id.* 522, 523; *Story's Eq. Jur.* §§ 712 *to* 722; *Phillips* v. *Burger,* 2 *Barb. S. C. Rep.* 608; *S. C.* 8 *Barb.* 527.)

*By the Court,* JAMES C. SMITH, J. It is a salutary and invariable rule of courts of equity, that in an action to reform a written agreement, on account of an alleged mistake of facts, relief will not be granted except upon the clearest and most satisfactory proof of the mistake and of the real agreement between the parties. (1 *Story's Eq. Jur.* § 152.) This is upon the ground that the written paper ought to be

treated as a full and correct expression of the intent of the parties, until the contrary is established beyond reasonable controversy. (*Id.* 2 *John. Ch.* 285. *Id.* 630.)

Keeping this rule in view, it is difficult to sustain the judgment in the case before us, upon the findings of the referee. The judgment is, that the two promissory notes executed by the defendants to the plaintiff, for one thousand dollars each, dated June 5, 1862, payable in three and four years from date, respectively, be reformed by inserting in each of them the words, "with interest," so that each shall draw interest from date. The referee has not found either that it was agreed orally, by the parties, that the notes referred to should bear interest from their date, or that they were by mistake executed, delivered and accepted, containing no words to that effect. The fact is established by the report of the referee, that a parol agreement had been made between the parties, prior to the date of the notes, for the sale of certain personal property; but his only finding is that two certain papers annexed to his report, of even date with the notes, state truly and correctly the agreement between the parties. The first of the papers referred to is an instrument of sale of personal property by the plaintiff to the defendants, in consideration of the sum of $6000, the payment of which is thereby acknowledged; and the second paper is a chattel mortgage, executed by the defendants to the plaintiff upon property of the same description as that contained in the instrument of sale, and which probably was the same property, conditioned for the payment of four several promissory notes of the same date, for $1000 each, executed by the defendants to the plaintiff, payable in one, two, three and four years respectively, which notes, as the referee finds, were executed and delivered at the same time with the instrument of sale and the chattel mortgage, and "as a part and portion of the same transaction," and the last two of which are the notes which the plaintiff seeks to reform. It appears by the opinion of the referee, that in coming to the conclusion that

the two papers referred to, state correctly the agreement of the parties, and that the last two notes should be corrected, he relied upon the affirmative provisions of the chattel mortgage and of the first two notes, on the subject of interest, and not upon any oral evidence. Indeed, he avers in his opinion, that upon the oral evidence in the case, the plaintiff must fail. The question, therefore, is whether the papers referred to, to wit, the instrument of sale, the chattel mortgage, and the first two notes, regarded merely as *evidence of the terms of the prior parol agreement* of the parties, and unaided by any oral evidence, show clearly and satisfactorily, upon their face, that the last two notes, executed at the same time, and as parts of the same transaction, were, by the terms of such parol agreement, to bear interest from their date.

I am of opinion that they do not furnish any satisfactory evidence of the fact alleged ; much less do they present that clear and strong proof which is requisite; and that to hold otherwise would be to establish a very dangerous precedent. There is, certainly, nothing in the instrument of sale, or in the first two notes, amounting to even slight proof of a prior parol agreement that the last two notes should draw interest. In respect to the chattel mortgage, whatever interpretation should be given to it as a contract, it does not contain an expression which proves clearly and satisfactorily that *each* of the four notes was to bear interest *from its date;* or, in other words, but that the mortgage was intended as a collateral security for the notes *in the very terms in which they now appear.* The fact that two of them bear interest from their date, gives full effect to every clause of the mortgage. It appears by the case that the mortgage was partly written and partly printed. All the words which can be construed to intend the payment of interest on the notes are printed, while the mortgage contains a written description of the notes, stating their amounts and the times when payable, respectively, but which is silent in respect to interest. In these circumstances, as the mortgage is merely collateral to the notes,

---

Botsford *v.* McLean.

---

it can not properly be considered as *evidence* of an agreement to pay interest on the notes, except *according to their terms.* Even if the question before us involved the true construction to be given to the *mortgage as a contract,* I am not able to see why the considerations above suggested would not be pertinent and controlling.

But if we reject the views above presented, and assume that the language of the mortgage, in respect to interest, is inconsistent and irreconcilable with the terms of the notes, we have advanced but a short distance in the investigation of the case.   In which of the instruments is the parol agreement truly expressed — the notes or the mortgage? — the principal obligation or the collateral security?   No answer to this question can be had from the face of the papers.

Again; there is no evidence or finding of fraud on the part of the defendants, or of a mutual mistake; and without one or the other of these elements, no case is made for reforming the written contract.

It is suggested by the respondents' counsel, that even if there be no proof of fraud or mistake, the plaintiff is entitled to a decree for a specific performance.   But if the views above presented as to the evidence of the terms of the parol agreement are correct, it is obvious that the plaintiff is not entitled to such decree, since he has not shown an agreement that the last two notes should bear interest.

The judgment should be reversed, and a new trial ordered; costs to abide the event.

Ordered accordingly.

[MONROE GENERAL TERM, June 6, 1864.   *J. C. Smith, Welles,* and *E. Darwin Smith,* Justices.]